1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAINT SUNDRIES SOLUTIONS, INC.,

                                    Plaintiff,

        v.

LANDMARK TECHNOLOGY, LLC,

                                    Defendant.

No.

**COMPLAINT FOR DECLARATORY
JUDGMENT AND UNFAIR
COMPETITION**

**JURY TRIAL DEMANDED**

        Plaintiff, Paint Sundries Solutions, Inc., ("Paint Sundries") by and through its attorneys of record, files this Complaint for Declaratory Judgment of Non-Infringement and Declaratory Judgment of Invalidity of U.S. Patent No. 6,289,319 (the '319 Patent) and unfair competition against Defendant Landmark Technology, LLC ("Landmark Technology").

## <u>INTRODUCTION</u>

        1.      Landmark Technology is a non-practicing entity seeking royalties from Paint Sundries for alleged patent infringement of the '319 Patent. Paint Sundries seeks: (A) declarations that: (1) it has not infringed and does not infringe any valid and enforceable claim of the '319 Patent, (2) the '319 Patent is invalid, and (3) that Landmark Technology cannot enforce the '319 Patent; and (B) judgments that: (1) Landmark Technology's damages are limited based on its failure to comply with 35 U.S.C. § 287, (2) Landmark Technology committed unfair

COMPLAINT - 1
Case No.

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

competition by attempting to enforce and license the '319 in bad faith, and (3) that Landmark Technology violated Washington's bad faith patent assertion statute, RCW 19.86 *et seq.* and 19.350.020.

## PARTIES

2.     Paint Sundries is a corporation organized under the laws of the State of Washington with its principal place of business at 930 7th Ave, Kirkland, WA 98033.

3.     On information and belief, Landmark Technology is a Delaware limited liability company having its principal place of business at 329 Laurel Street, San Diego, California 92102.

4.     On information and belief, PanIP, LLC was the predecessor to Landmark Technology.

## JURISDICTION AND VENUE

5.     This Court has original and exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1338 because the Complaint states claims arising under an Act of Congress relating to patents, 35 U.S.C. § 271.

6.     This Complaint also arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* based on Defendant's accusations towards Plaintiff for patent infringement and its pattern of actual litigation concerning United States Patent No. 6,289,319, thereby giving rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

7.     This Court has personal jurisdiction over Landmark Technology. Upon information and belief, Landmark Technology conducts substantial business in this judicial District, including regularly doing or soliciting business, engaging in other persistent courses of conduct, suing other companies in this District on the '319 Patent, and deriving substantial revenue from individuals and entities in Washington. Landmark Technology previously systematically availed itself of the Washington federal district courts as a forum for asserting

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

alleged infringement of the '319 Patent. *See e.g. Landmark Technology, LLC v. Jones Soda Co. et al.*, WAWD-2-17-cv-00978 (Filed June 28, 2017).

8.      Landmark Technology purposefully and repeatedly directed its activities at residents of Washington. On information and belief, Landmark Technology sent letters to numerous other companies, including numerous other companies based in Washington, asserting infringement of the '319 Patent and demanding payment of money. Thus, Landmark Technology has sufficient minimum contacts with the State of Washington to satisfy the Washington long-arm statute (RCW 4.28.185) and Constitutional due process requirements because Landmark Technology regularly conducts business activities in Washington.

9.      Venue is proper in the Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTUAL BACKGROUND

### General Background

10.     Upon information and belief, Landmark Technology does not make, use or sell any products or services of its own, but is solely in the business of patent licensing through the threat of litigation – this pattern of behavior is indicative of entities commonly referred to as a "patent trolls."

11.     Upon information and belief, Landmark Technology's sole business model and activity involves sending letters accusing others of patent infringement and threatening litigation.

12.     Landmark Technology consistently follows through on its threats against companies who refuse to pay the license fee sought by Landmark Technology's demand letters, as evidenced by the mountain of litigation stemming from the '319 Patent alone. *See* e.g. *Landmark Technology, LLC v. Jones Soda Co. et al.*, WAWD-2-17-cv-00978 (Filed June 28, 2017); *Landmark Technology, LLC v. Launchpad, Inc.*, CASD-3-17-cv-00892 (Filed May 3, 2017); *Landmark Technology, LLC v. GourmetGiftBaskets.com, Inc.*, CASD-3-17-cv-00851 (Filed April 26, 2017).

COMPLAINT - 3
Case No.

13.    On information and belief, Landmark Technology has filed over one hundred lawsuits against various companies asserting infringement of the '319 Patent and patents related to the '319 Patent.

14.    Landmark Technology swiftly settles all lawsuits; none of the lawsuits involving the '319 Patent made it as far as claim construction.

15.    A review of the record shows that very few Defendants ever file an Answer. Most cases appear to be resolved prior to the Answer filing deadline.

16.    This same pattern holds true for any time Landmark Technology is sued for a Declaratory Judgment or has its patent challenged at the Patent Office.

17.    Landmark Technology appears to systematically and quickly settle litigation prior to any potentially damaging rulings, thereby preserving its ability to extract license fees from other companies moving forward.

18.    Upon information and belief, these settlements are made quickly and confidentially to prevent future targets from learning of the baselessness of Landmark Technology's claims and to prevent any party from pursuing to judgment the invalidity of the '319 Patent.

19.    Similar fact patterns to the one present here, where a party's business model involves filing numerous patent infringement suits, and leveraging the high cost of litigation to extract settlements, and where the patentee has no intention of testing the merits of their claims, especially under 35 U.S.C. § 101, have been found "exceptional" and support an award of fees and costs, especially under the lower standard for awarding fees articulated in *Octane Fitness,* 134 S. Ct. 1749 (2014). *SFA Sys., LLC v. Newegg Inc., 793 F.3d 1344, 1350 (Fed. Cir. 2015)* (finding that a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under 35 U.S.C. § 285.); *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.,*

COMPLAINT - 4
Case No.

**FOSTER PEPPER PLLC**
**1111 THIRD AVENUE, SUITE 3000**
**SEATTLE, WASHINGTON 98101-3292**
**PHONE (206) 447-4400   FAX (206) 447-9700**

858 F.3d 1383, 1390 (Fed. Cir. 2017) (finding that patent owners pattern of litigation practices and willful ignorance of invalidating circumstances could warrant an award of fees under 35 U.S.C. § 285); *Shipping and Transit LLC v. Hall Enterprises, Inc,* 2-16-cv-06535 (C.D. Cal., 2017) (finding pattern of filing serial litigation and voluntarily dismissing cases prior to judgment on validity justifies award of attorney fees under 35 U.S.C. § 285).

20.    Landmark Technology's tactic of filing serial litigation and voluntarily dismissing cases prior to judgment on validity, combined with the baseless nature of its demands, renders this case exceptional so as to justify award of attorney fees under 35 U.S.C. § 285.

### Landmark Technology's Threatening Letters

21.    On or about June 16, 2017, Landmark Technology sent a letter to Andrew Walsh, of Paint Sundries, asserting that Paint Sundries infringes the '319 Patent, claiming that "specific functionalities implemented by Paint Sundries using their servers and devices interfaced to Paint Sundries' web servers constitutes use of the technology taught within the meaning of Claim 1 of the '319 patent." A true and correct copy of the letter as received is attached as Exhibit A.

22.    Prior to the letter, Plaintiff had never heard of Landmark Technology, or the '319 Patent.

23.    The letter does not include an element by element, or any other type of analysis or description of Paint Sundries' services believed to infringe, and instead simply includes a link to Paint Sundries' website login page, http://www.paintsundries.com/Login.

24.    The letter concludes by offering Paint Sundries a "non-exclusive license to its patent portfolio, including the '391 patent, for $65,000." This offer, Landmark Technology is quick to point out, will be withdrawn in the event of litigation, in order to discourage Paint Sundries from defending itself. The letter requested a response within 15 days.

25.    Nowhere in the letter did Landmark Technology indicate that the offer was negotiable. Upon information and belief, this tactic is designed to extract a payment from letter

COMPLAINT - 5
Case No.

recipients, knowing that the payment would be significantly less expensive than defending against even a questionable patent infringement case in court.

26.     The letter fails to indicate whether Landmark Technology is the owner or assignee of the '319 Patent. A review of the '319 Patent does not indicate any assignments have been made.

27.     The letter also makes a number of misleading statements regarding the prominence of the '319 Patent.

**The '319 Patent**

28.     The original patent application to which the '319 Patent claims priority, was filed by Lawrence B. Lockwood ("Lockwood") over 33 years ago, on May 5, 1984. A "continuation-in-part" patent application was filed in 1986, based on the original patent application filed in 1984.

29.     This continuation-in-part patent application was rejected by the U.S. Patent and Trademark Office in 1988 and subsequently abandoned.

30.     Between 1988 and 1993, Lockwood filed four additional continuation patent applications stemming from the eventually rejected and abandoned continuation-in-part.

31.     Each of the continuation-in-part applications were also rejected by the U.S. Patent and Trademark Office, and subsequently abandoned.

32.     On November 30, 1994, Lockwood filed another patent application, U.S. App. No. 08/347,270, ("'270 Application") which used the same specification as the previously rejected and abandoned applications.

33.     The '270 Application was titled "Automatic Loan Processing Terminal System."

34.     The '270 Application was rejected numerous times by the Examiner during prosecution.

35.     The Examiner initially rejected the '270 Application under 35 U.S.C. § 101 as being directed to a method of doing business and not containing any patentable subject matter;

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

under 35 U.S.C. § 112 as being indefinite, non-enabling, and lacking specification support; and under 35 U.S.C. § 103 as being just an obvious combination of prior technology or "prior art."

36.     On October 17, 1995, Lockwood filed an amendment to the '270 Application changing the title of the application to "Automatic Business and Financial Transaction Processing System," deleting certain claims and adding other claims in response to the Examiner's rejection.

37.     In response to these amendments, the Examiner again rejected the application under 35 U.S.C. § 112; and under 35 U.S.C. § 103 for being unpatentable due to being an obvious combination of prior art.

38.     Lockwood appealed the Examiner's final rejection to the USPTO's Board of Patent Appeals and Interferences. During the appeal, Lockwood argued that the claims required "forward chaining" in order to overcome various combinations of prior art. Lockwood further argued that his invention had the ability to dynamically interact with a user at the terminal.

39.     On September 27, 2000, the Board reversed the examiner's rejection at least partially because "the examiner has failed to establish a *prima facie* case of obviousness with regard to claimed subject matter." BPAI Decision on Appeal, Appeal No. 1997-2678, Sep. 27, 2000, pp. 7-8.

40.     On September 11, 2001, the '319 Patent, entitled "Automatic Business and Financial Transaction Processing System" issued.

41.     The '319 Patent is ostensibly directed to an automatic data processing system for processing business and financial transactions between entities from remote sites.

42.     Post issuance, the '319 Patent has been through two *Ex Parte* Reexaminations. Certificates for the *Ex Parte* Reexaminations Issued on July 17, 2007 and January 9, 2013, respectively.

43.     During the first *Ex Parte* Reexamination, the Examiner rejected all of the '319 Patent's claims, forcing Lockwood to amend and add 22 new dependent claims. In view of the

COMPLAINT - 7
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

narrower claims, the Examiner eventually relented and a Reexamination certificate issued on July 17, 2007.

44.     On September 14, 2012, a second request was filed for *Ex Parte* Reexamination of certain claims of the '319 Patent (US Control No. 90/006,623). During this second reexamination, the Examiner performed an extensive claim construction analysis of a critical element of Claim 1. This analysis made it clear that the confirmation of the '319 Patent depended upon a narrow interpretation of the patent, such that any infringement would require the use of "forward chaining."

45.     Lockwood also argued during prosecution that the '319 Patent claims required "forward chaining."

46.     Because the '319 Patent claims require "forward chaining," it cannot claim priority to May 24, 1984, as that original ancestral application fails to disclose or teach forward chaining. Instead, the '319 Patent can only claim priority to, at the very earliest, the CIP filed on January 24, 1986.

47.     This same priority issue was identified in a recent Covered Business Method ("CBM") review of a patent related to the '319 Patent. That proceeding also ended in a confidential settlement, but only after the Board instituted a trial while finding it was likely that the prior art invalidated that patent. The Board never reached the merits of the priority date issue. *See* CBM2014-00025 Petition for CBM of U.S. Patent No. 7,010,508.

48.     The '319 Patent contains a single independent claim, which reads as follows:

1. An automatic data processing system for processing business and financial transactions between entities from remote sites which comprises:

a central processor programmed and connected to process a variety of inquiries and orders transmitted from said remote sites;

said central processor including:

**means for** receiving information about said transactions from said remote sites;

COMPLAINT - 8
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

means for retrievably storing said information;

at least one terminal at each of said remote sites including a data processor and operational sequencing lists of program instructions;

means for remotely linking said terminal to said central processor and for transmitting data back and forth between said central processor and said terminal;

said terminal further comprising means for dispensing information and services for at least one of said entities including:

a video screen;

means for holding operational data including programing, informing, and inquiring sequences of data;

means for manually entering information;

means for storing information, inquiries and orders for said transactions entered by one of said entities via said means for manually entering information, and data received through and from said central processor;

on-line means for transmitting said information, inquiries, and orders to said central processor;

on-line means for receiving data comprising operator-selected information and orders from said central processor via said linking means;

means for outputting said informing and inquiring sequences on said video screen in accordance with preset routines and in response to data entered through said means for entering information;

means for controlling said means for storing, means for outputting, and means for transmitting, including means for fetching additional inquiring sequences in response to a plurality of said data entered through said means for entering and in response to information received from said central processor;

said informing sequences including directions for operating said terminal, and for presenting interrelated segments of said operational data describing a plurality of transaction operations;

said programming sequences including means for interactively controlling the operation of said video screen, data receiving and transmitting means; and for selectively retrieving said data from said means for storing;

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

said **means for** storing comprising **means for** retaining said operational sequencing list and **means** responsive to the status of the various **means for** controlling their operation;

said central processor further including:

**means responsive to** data received from one of said terminals for immediately transmitting selected stored information to said terminal; and

**means responsive to** an order received from a terminal for updating data in said **means for** storing;

whereby said system can be used by said entities, each using one of said terminals to exchange information, and to respond to inquiries and orders instantaneously and over a period of time.

'319 Patent, Claim 1 (emphasis added).

49.     In order to infringe the claims of the '319 Patent, irrespective of validity, one must at the very least practice *every* limitation of Claim 1.

50.     Further, the accused system must include *every* limitation as argued by Lockwood in prosecution.

51.     Further still, the accused system must include *every* limitation as construed by Landmark in other litigation. For example, in prior litigation Landmark Technology has argued for a narrow claim scope to forestall an invalidity ruling. *Tatcha LLC v. Landmark Technology, LLC.*, 3:16-cv-04831 (N.D. CA 2017)

52.     Finally, the claims contain a large number of means plus function limitations. Under 35 U.S.C. § 112(f)/(6) the claims are limited to the function described in the specification. The sparse specification fails to provide the required structure of the various "means." This is exacerbated by the narrow and specific scope that Landmark Technology repeatedly described the '319 Patent to have; a specificity not found anywhere in the specification.

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

**Paint Sundries Does Not Infringe any Valid and Enforceable Claim of the '319 Patent**

53.     Paint Sundries does not infringe Claim 1, or any other valid claim of the '319 Patent, for at least the following reasons: Claim 1 is invalid under 35 U.S.C. § 101 for claiming an abstract idea; and/or, Claim 1 is invalid under 35 U.S.C. § 112.

54.     Further, Paint Sundries' services or website do not practice *every* limitation of Claim 1.

55.     Upon information and belief, Landmark Technology failed to undergo any type of infringement analysis prior to sending its demand letter.

56.     As noted previously, the letter does not include an element by element description, or any other type of analysis of Paint Sundries' product, services, or technology believed to infringe and instead simply includes a link to Paint Sundries' website login page, http://www.paintsundries.com/Login.

57.     In response to the letter, Plaintiff undertook a review of its records to ascertain whether Landmark Technology used its system in a manner which would indicate any type of due diligence.

58.     After conducting an initial review, Plaintiff concluded that Landmark Technology had not even bothered to attempt to create a login credential and therefore never actually accessed Plaintiff's product, services, or technology prior to sending the demand letter.

59.     Upon information and belief, Landmark Technology never logged in as a real (or even pretend), actual, or potential customer to Paint Sundries' website.

60.     Upon information and belief, Landmark Technology did not perform any due diligence of Paint Sundries' systems or services prior to writing to Paint Sundries threatening legal action and demanding payment of $65,000.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

## COUNT I – DECLARATION OF INVALIDITY OF U.S. PATENT 6,289,319

61.     Paint Sundries restates and incorporates by reference the allegations in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.     Landmark Technology claims to have exclusive rights to the '391 Patent.

63.     Landmark Technology demanded that Paint Sundries take a license to the '319 Patent within 15 days or be sued.

64.     Landmark Technology is in the business of threatening litigation and following through on that threat specifically with respect to the '319 Patent. A review of Landmark Technology's record demonstrates a consistent and readily apparent pattern of litigation, creating a reasonable fear that Paint Sundries was Landmark Technology's next target.

65.     Landmark systematically ends disputes prior to any judgment against the '319 Patent can be entered.

66.     Without a judgment, Landmark is free to continue aggressively enforcing its invalid patent.

67.     The claims of the '319 Patent are invalid under any one of at least 35 U.S.C. §§ 101, 102, 103, and 112.

68.     The claims of the '319 Patent do not constitute patentable subject matter pursuant to 35 U.S.C. § 101, and therefore are an invalid or ineligible patent on an abstract idea. The '319 Patent claims the abstract idea of automated data processing of business transactions. Nothing in the claims, "transform the nature of the claims" into patent eligible subject matter. *Mayo Collaborative Services v. Prometheus Labs., Inc.*, 566 U.S. 66 (2012). Furthermore, "[t]he mere visitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

69.     Additionally, the '319 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103. Prior art that in combination or alone renders the '319 Patent anticipated and/or obvious includes, but is not necessarily limited to:

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

- "A Model of an Audit Judgment in the Form of an Expert System," Dungan, Chris W., Ph. D. dissertation, University of Illinois, published May 23, 1983;

- An Expert System for the Evaluation of Abnormal Human Locomotion Arising from Stroke," James M. Dzierzanowski, et al., IEEE TRANSACTIONS ON BIOMEDICAL ENGINEERING, VOL. BME-32, NO. 11, published NOVEMBER 1985;

- William van Melle, et al., published October 1981;

- Harold E. Johnson, et al., Journal of Forth Application and Research, Vol. 1, No. 1, pp. 7-16, published Sept. 1983;

- Ronald D. Gordon, Globecom '82, IEEE Global Telecommunications Conference, Conference Record Vol. 3 of 3, Miami, Nov. 29 to Dec. 2, 1982;

- U.S. Patent No. 4,359,631 (Lockwood);

- U.S. Patent No. 4,567,359 (Lockwood);

- U.S. Patent No. 4,994,964 (Wolfberg); and

- U.S. Patent No. 6,105,007 (Norris).

70.    The claims of the '319 Patent are also invalid because the specification fails to provide any structure for the numerous means plus function elements recited in the claims.

71.    Further, the claims of the '319 Patent are not entitled to the 1984 priority date.

72.    Landmark Technology systematically ends litigation involving the '319 Patent prior to a final judgment on its validity thereby artfully preserving an invalid patent for future assertion.

73.    This tactic of filing serial litigation and voluntarily dismissing cases prior to judgment on validity renders this case exceptional so as to justify award of attorney fees under 35 U.S.C. § 285. *SFA Sys., LLC v. Newegg Inc.,* 793 F.3d 1344, 1350 (Fed. Cir. 2015) (finding that a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's

COMPLAINT - 13
Case No.

1   claims, is relevant to a district court's exceptional case determination under 35 U.S.C. § 285);

2   *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383,

3   1390 (Fed. Cir. 2017) (finding that patent owners pattern of litigation practices and willful

4   ignorance of invalidating circumstances could warrant an award of fees under 35 U.S.C. § 285);

5   and *Shipping and Transit LLC v. Hall Enterprises, Inc,* 2-16-cv-06535 (C.D. Cal., 2017) (finding

6   pattern of filing serial litigation and voluntarily dismissing cases prior to judgment on validity

7   justifies award of attorney fees under 35 U.S.C. § 285).

8       74.     Based on Landmark Technology's letter, the imminent threat of litigation for

9   patent infringement, a consistent pattern of carrying out its threat, and other characteristics typical

10  of a patent troll, as well as Paint Sundries' denial of infringement, an actual case or controversy

11  exists as to whether Paint Sundries infringes any valid claim of the '319 Patent.

12      75.     Paint Sundries is entitled to a declaration that the claims of the '319 Patent are

13  invalid.

14  **COUNT II - DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT 6,289,319**

15      76.     Paint Sundries restates and incorporates by reference the allegations in paragraphs

16  1 through 75 of this Complaint as if fully set forth herein.

17      77.     Landmark Technology claims to have exclusive rights to the '391 Patent.

18      78.     Landmark Technology has demanded that Paint Sundries take a license to the

19  '319 Patent within 15 days or be sued.

20      79.     Landmark Technology is in the business of threatening litigation and following

21  through on that threat specifically with respect to the '319 Patent. A review of Landmark

22  Technology's record demonstrates a consistent and readily apparent pattern of litigation.

23      80.     Landmark Technology failed to conduct any pre-demand due diligence prior to

24  demanding $65,000 from Paint Sundries.

25

26

COMPLAINT - 14
Case No.

81.     Landmark Technology has made numerous limiting admissions regarding the scope of the claims of the '319 Patent during its prosecution and in subsequent litigation proceedings.

82.     De minimis pre-demand research establishes that under the plain language of the claim, and especially under the much narrower reading argued by the inventor and Landmark Technology, Paint Sundries' system, product, and technology do not infringe any valid and enforceable claim of the '319 Patent.

83.     Base on Landmark Technology's history of vexatious litigation, Landmark Technology never intends to establish the merits of its infringement accusation. This is grounds for fees under 35 U.S.C. § 285 as an exceptional case. *See* case law supra at 69.

84.     Paint Sundries has not infringed and does not infringe any valid and enforceable claim of the '319 Patent, whether literally or under the doctrine of equivalents.

85.     Additionally, Paint Sundries is not liable for any induced, contributory, divided, or other indirect infringement of any valid and enforceable claim of the '319 Patent. Neither Paint Sundries, nor its customers who access its website, nor anyone associated with Paint Sundries, utilize *every* element of any claim in the '319 Patent as is required for infringement.

86.     Based on Landmark Technology's letter and accusation of patent infringement, especially in light of its pattern of litigation, and Paint Sundries' denial of infringement, a substantial, immediate, and real controversy exists between Paint Sundries and Landmark Technology regarding whether Paint Sundries directly or indirectly infringes or has infringed the '319 Patent.  A judicial declaration is necessary to determine the parties' respective rights regarding the '319 Patent.

87.     Paint Sundries seeks a judgment declaring that Paint Sundries does not directly or indirectly infringe any claim of the '319 Patent.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

## COUNT III – FEDERAL UNFAIR AND DECEPTIVE TRADE PRACTICES
## 15 U.S.C. § 45(A)(1).

88.     Paint Sundries restates and incorporates by reference the allegation in paragraphs 1 through 87 as if fully stated herein.

89.     Defendant's infringement allegations are objectively baseless given that: the claims are invalid under 35 U.S.C. §§ 101, 103, and 112.

90.     Landmark Technology failed to conduct any analysis comparing the claims in the patent to Paint Sundries' product, services, or technology and instead points to a generic login page, which, based on Landmark Technology's prior statements regarding the scope of the claims, cannot infringe.

91.     Defendant's infringement allegations are objectively baseless given a lack of actual allegations related to the specific areas in which the Paint Sundries' product, services, or technology infringes.

92.     Defendant's infringement allegations are objectively baseless given the deceptive and misleading information regarding the enforceability and importance of the '319 Patent as a "pioneer patent."

93.     Defendant's infringement allegations are objectively baseless given the deceptive and misleading information regarding the priority date of the '319 Patent.

94.     Defendant's infringement allegations are objectively baseless given that Paint Sundries does not practice *every* limitation of the '319 Patent.

95.     Landmark Technology systematically ends litigation involving the '319 Patent prior to a final judgment on its validity thereby artfully preserving an invalid patent.

96.     Defendant's actions constitute bad-faith patent litigation because Defendant knows, or should know, that the patent is invalid (or would be declared invalid if Defendant did not settle any dispute prior to resolution), and not infringed.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

97. By knowingly threatening litigation in bad faith, Defendant committed unfair methods unfair or deceptive acts or practices in or affecting commerce.

98. Paint Sundries seeks an injunction and such other equitable relief as deemed appropriate.

## COUNT IV – DECLARATORY JUDGMENT THAT LANDMARK TECHNOLOGY HAS FAILED TO COMPLY WITH 35 U.S.C. § 287

99. Pain Sundries restates and incorporates by reference the allegation in paragraphs 1 through 98 of this Complaint as if fully stated herein.

100. Landmark Technology contends it has licensed its patents, including the '319 Patent, to over 150 companies across various industries. Exhibit A at 1.

101. Pursuant to 35 U.S.C. § 287(a), a patentee must mark goods covered by the patent with the patent number.

102. Under 35 U.S.C. § 287(a), because of Landmark Technology's failure to mark, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."

103. Upon information and belief, Landmark Technology has not marked its products, or caused any licensee to mark their products with the '319 Patent number.

104. Based on Landmark Technology's letter and accusation of patent infringement, especially in light of its pattern of litigation, and Paint Sundries' denial of infringement, a substantial, immediate, and real controversy exists between Paint Sundries and Landmark Technology.

105. Paint Sundries is entitled to a declaration that Landmark Technology may not recover damages prior to June 16, 2017.

COMPLAINT - 17
Case No.

## COUNT V – DECLARATION THAT LANDMARK TECHNOLOGY LACKS THE RIGHT TO ASSERT THE '319 PATENT

106.    Pain Sundries restates and incorporates by reference the allegation in paragraphs 1 through 105 of this Complaint as if fully stated herein.

107.    The demand letter alleges that Landmark Technology "has exclusive rights" to various patents and infers a right to sublicense the '319 Patent. ("Landmark is currently offering Paint Sundries a non-exclusive license to its patent portfolio, including the '319 Patent").

108.    Landmark has not asserted that it owns the '319 Patent or has the exclusive right to enforce the '319 Patent.

109.    USPTO records do not establish that Landmark Technology has been assigned the '319 Patent, and no assignment has been recorded.

110.    The '319 Patent is currently listed as owned by Lawrence B. Lockwood. Exhibit B.

111.    Landmark Technology does not own and cannot assert the '319 Patent and therefore cannot enforce any rights in the '319 Patent.

112.    Based on Landmark Technology's letter and accusation of patent infringement, especially in light of its pattern of litigation, and Paint Sundries' denial of infringement, a substantial, immediate, and real controversy exists between Paint Sundries and Landmark Technology.

113.    A judicial declaration that Landmark Technology lacks the right to assert the '319 Patent is necessary and appropriate so that Paint Sundries may ascertain its rights regarding the '319 Patent and to prevent further injury to Paint Sundries.

## COUNT VI – BAD FAITH ASSERTIONS OF PATENT INFRINGEMENT, RCW 19.86 *ET SEQ.* AND 19.350.020

114.    Paint Sundries restates and incorporates by references the allegations in paragraphs 1 through 113 of this Complaint as if fully stated herein.

COMPLAINT - 18
Case No.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

115.    Defendant demands the payment of $65,000 without providing any copies of the '319 Patent.

116.    Defendant demands the payment of $65,000 without providing the name and address of the patent owner.

117.    Defendant demands the payment of $65,000 without providing whether or not Landmark Technology owns or has the exclusive right to the '319 Patent.

118.    Defendant demands the payment of $65,000 without providing factual allegations related to the specific areas in which the Paint Sundries' product, services, or technology infringes.

119.    Defendant demands the payment of $65,000 without providing evidence that Defendant conducted any analysis comparing the claims in the patent to Paint Sundries' product, services, or technology.

120.    Defendant demands the payment of $65,000 through deceptive and misleading information regarding the enforceability of a patent that is invalid under 35 U.S.C. §§ 101, 102, 103 and 112.

121.    Defendant's infringement allegations are objectively baseless given that the claims are invalid under 35 U.S.C. §§ 101, 103, and 112 and given that Paint Sundries' product, services, and technology do not infringe Claim 1.

122.    Defendant demands the payment of $65,000 through deceptive and misleading information regarding the enforceability and importance of the '319 Patent as a "pioneer patent."

123.    Defendant demands the payment of $65,000 through deceptive and misleading information regarding the priority date of the '319 Patent.

124.    Defendant's actions all constitute bad faith assertions of patent infringement under RCW 19.350.020, and violations of RCW 19.86 *et seq*. including, but not limited to 19.86.020, -.030, -.040, -.050, and -.093.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

125.    The provisions of RCW 19.350.020 are actionable under RCW 19.86.020. *See* RCW 19.86.093; 19.350.005.

126.    Paint Sundries seeks damages, treble damages, and attorney fees pursuant to RCW 19.86.090.

## JURY DEMAND

127.    Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Paint Sundries Solutions, Inc. prays for the following relief:

A.    A declaration that Paint Sundries' services, systems, and practices do not infringe any valid and enforceable claim of the '319 Patent;

B.    A declaration that the '319 Patent is invalid for failure to comply with the requirements of 35 U.S.C., including at least §§ 101 and/or 112;

C.    Declaring Paint Sundries the prevailing party and this case as exceptional, and awarding Paint Sundries its reasonable attorney fees, pursuant to 35 U.S.C. § 285. *See* case law supra;

D.    Declaring Landmark Technology's conduct as unlawful, unfair, and deceptive trade practices;

E.    Awarding Paint Sundries all damages caused by Defendant's unlawful acts, including punitive damages and pre-and post-judgment interest, as provided by law;

F.    Awarding Paint Sundries damages, treble damages, and attorney fees pursuant to Washington State Abusive Patent Litigation statute RCW 19.86.090;

G.    Ordering Defendant to pay all fees, expenses and costs associated with this action; and

H.    Awarding such other and further relief as this Court deems just and proper.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

1    DATED this 14th day of July, 2017.

2

3                                          By: */s/ Benjamin Hodges*
                                           By: */s/ Richard T. Black*
4                                          By: */s/ Kevin Ormiston*
                                           Benjamin Hodges, WSBA No. 49301
5                                          Richard T. Black, WSBA No. 20899
                                           Kevin Ormiston, WSBA No. 49835
6                                          FOSTER PEPPER PLLC
                                           1111 Third Avenue, Suite 3000
7                                          Seattle, Washington 98101-3292
                                           Telephone: (206) 447-4400
8                                          Facsimile: (206) 447-9700
                                           Email: ben.hodges@foster.com;
9                                          rich.black@foster.com;
                                           kevin.ormiston@foster.com
10
                                           *Attorneys for Plaintiff*
11                                         *Paint Sundries Solutions, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 21
Case No.